## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-314

SEPTEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| Jason Gorman | } | |
| | } | DOCKET NOS. 793-7-11 Frcr & |
| | } | 999-8-11 Frcr |

In the above-entitled cause, the Clerk will enter:

On September 21, 2011, an evidentiary hearing on this bail appeal pursuant to 13 V.S.A. § 7556(d) was held.

On July 5, 2011, defendant Jason Gorman was arraigned in the Superior Court, Franklin Unit, Criminal Division on one count of aggravated domestic assault in the first degree and one count of aggravated domestic assault in the second degree. He was released on conditions, including no contact with Anna Marks and to remain 500 feet away from Ms. Marks, her residence, place of employment and motor vehicle.

On August 15, 2011, Mr. Gorman was arraigned on two counts of violation of conditions of release. These included a count related to a violation of the no-contact condition with Ms. Marks and a second count related to a curfew violation. The presiding judge held Mr. Gorman without bail on the domestic assault charges pursuant to 13 V.S.A. § 7553a. The court continued to hold Mr. Gorman without bail after a bail review hearing on August 19, 2011. This appeal followed.

With respect to the elements of § 7553a, the Court finds as follows:

Mr. Gorman has been charged with two counts of aggravated domestic assault. These are both felonies. An element of these charges is an act of violence.

The evidence of guilt is great. At the evidentiary hearing, Ms. Marks testified credibly that on June 29, 2011, she and Mr. Gorman were residing at 10 Oak Street in St. Albans, Vermont. They have been involved in a romantic relationship for five years and have a two-year-old daughter together. Upon waking up on June 29, 2011, the couple began to argue. Mr. Gorman told her that he could kill her and bury her body and that nobody would care or find her. He then choked her while lying on top of her until she began to experience a loss of consciousness. She kicked him. He struck her in the side of the head and perforated her eardrum. Photographs introduced into evidence at the hearing show marks on Ms. Marks' neck where she was choked. Mr. Gorman has previously been convicted of domestic assault against Ms. Marks.

The Court finds by clear and convincing evidence that Mr. Gorman's release would pose a substantial threat of physical violence to Ms. Marks. Ms. Marks was very credible in her testimony that Mr. Gorman has assaulted her in the past, including a previous incident when he struck her in the head and perforated her eardrum in 2007. In an incident on August 31, 2009, Mr. Gorman kicked in a door and pushed Ms. Gorman in the shower causing a three-inch cut on her arm. Ms. Marks recalls a total of five to seven incidents when she was assaulted by Mr. Gorman.

The incident on June 29, 2011 only came to light after an argument at North Beach in Burlington on July 1, 2011 with Mr. Gorman. Ms. Marks became fearful for her safety and was taken from the beach by a friend to the Burlington police station. Mr. Gorman followed her in his truck. He was obviously angry and emotional. In her statement to the police, Ms. Marks reported that Mr. Gorman had assaulted her about fifty times in the past. The evidence is very strong that Mr. Gorman has assaulted Mr. Marks on a regular basis for several years.

Based on these episodes, the Court finds by clear and convincing evidence that if released, Mr. Gorman is very likely to assault Ms. Marks again and for this reason poses a substantial threat of physical violence to her.

The Court also finds by clear and convincing evidence that there is no condition or combination of conditions of release which will reasonably prevent the physical violence.

On July 5, 2011, Mr. Gorman was released on conditions that he have no contact with Ms. Marks. Following his release, Ms. Marks traveled first to Rutland and then to Chicago to avoid contact with Mr. Gorman. Mr. Gorman called her repeatedly on the telephone and made contact through Facebook. Upon her return to Vermont, the couple lived together. Following his arrest on August 15, 2011, Mr. Gorman has continued to contact Ms. Marks. Mr. Gorman has shown no intention of following the superior court's no-contact order. The repeated violations of the no contact order show that he is unlikely to respect and follow a similar order in the future.

Mr. Gorman has an extensive history of convictions, including multiple felonies, and faces several felony charges in Chittenden County at this time, which are unrelated to the charges involving his relationship with Ms. Marks. He has served several jail sentences. This criminal history demonstrates that he is unlikely to follow a condition of release imposed by the superior court.

Through counsel, Mr. Gorman has proposed that he reside with his grandmother Irma Rodriguez. Ms. Rodriguez, 80, lives alone in an apartment in downtown Burlington. She is unlikely to be able to exert control over her grandson who is far larger and much younger. While the Court appreciates Ms. Rodriguez's generosity in opening her home to Mr. Gorman, placing Mr. Gorman in her home is unlikely to prevent him from contacting Ms. Marks whenever he wishes.

Through counsel, Mr. Gorman has also suggested that because he does not know where Ms. Marks is located at present, he will be unable to contact her. Despite her fears, Ms. Marks has returned in the past to Mr. Gorman and the Court has no expectation that she will stay away from him this time if he is released. At the hearing she expressed her desire that he not get in trouble. A previous prosecution was dismissed because she recanted. It is very likely that she or another person such as a friend or acquaintance will let Mr. Gorman know where she is located.

She previously returned from Chicago to live with him.  Withholding Ms. Mark's address is not a strategy which will prevent future contact between Mr. Gorman and Ms. Marks.

For these reasons, the Court directs that defendant Jason Gorman be held without bail.

FOR THE COURT:

_____

Geoffrey W. Crawford, Superior Judge,
Specially Assigned

3